IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02629–WJM–KMT

MYRA LOYA, and
MANUEL LOYA,

      Plaintiffs,

v.

LEONARD HUSKEY,
OFFICER ROUBIDOUX, and
UNKNOWN DEFENDANT 2 (WMDTF OFFICER), are being sued jointly and severally, in their Individual and Official Capacity,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on the Order to Show Cause (Doc. No. 29). Plaintiffs, proceeding *pro se*, filed their Complaint on October 28, 2010. (Doc. No. 4.) Also on October 28, 2010, Magistrate Judge Boyd N. Boland issued an Order for Plaintiffs to amend their complaint. (*See* Doc. No. 3.) On November 29, 2010, District Judge Christine M. Arguello, for Senior District Judge Zita L. Weinshienk, issued an Order dismissing in part Plaintiffs' Complaint. (*See* Doc. No. 14.) Pursuant to that Order, the only claims remaining are the claims against Defendants Leonard Huskey, Officer Roubidoux, and Unknown Defendant 2. (*See id.* at 5.)

Prior to the Court's November 29, 2010, Order Plaintiffs filed a Return of Service for Defendants Huskey, Robidoux, and Unknown Defendant 2. (Doc. No. 10.) The Return of Service states that service of the summons and complaint was made "personally upon the defendant[s]" by leaving copies at the West Metro Task Force Administration Office. (*Id.*)

Fed. R. Civ. P. Rule 4(m) provides in pertinent part

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day period to effect service upon Defendants has expired. The defendants have not filed with the Clerk of the Court signed waivers of service or appeared in the case. As no waivers of service have been filed with the court, Plaintiffs must comply with the service requirements of Fed. R. Civ. P. 4, governing service on individuals. *See* Fed. R. Civ. P. 4(e). Pursuant to the Federal Rules of Civil Procedure, an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). State law provides for personal service in Colorado:

2

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

Colo. R. Civ. P. 4(e)(1). Colorado law also provides for service on "an officer, agent, or employee of the state, acting in an official capacity, by delivering a copy thereof to the officer, agent, or employee and by delivering a copy to the attorney general." Colo. R. Civ. P. 4(e)(10)(A).

Plaintiffs' Return of Service does not indicate compliance with either the Federal Rules of Civil Procedure or the Colorado Rules of Civil Procedure for service.

On April 6, 2011, this court issued an Order to Show Cause ordering Plaintiffs to, on or before April 18, 2011, properly effect service upon Defendants Huskey, Robidoux, and Unknown Defendant 2 and file proof of service on the defendants, or show cause in writing why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 29.) This court advised Plaintiffs that if service was not effected and a response to the Order to Show Cause was not timely filed, this court would recommend that this case be dismissed without further notice to the parties. Plaintiffs have failed to file proof of service on the defendants and also have failed to file a response to the Order to Show Cause.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve. Here, Plaintiffs have failed to

provide good cause for their failure to timely serve the defendant and has failed to respond to the Order to Show Cause.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that this case be dismissed in its entirety without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of April, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge